## S96Y1665. IN THE MATTER OF JEAN CARLEEN MARCANTONIO.
(478 SE2d 130)

PER CURIAM.

The State Bar of Georgia seeks the emergency suspension of Jean Carleen Marcantonio. Because we conclude that Marcantonio poses a substantial threat of harm to her clients and the public, we order her license to practice law suspended during the pendency of disciplinary proceedings.

Following an investigation by the Chapter 13 Trustee of the United States Bankruptcy Court of the Middle District of Georgia into the practices of Marcantonio and her former partner Alan Austin Gavel,[1] the State Bar, pursuant to Bar Rule 4-108, petitioned this Court for the emergency suspension of Marcantonio's license to practice law in this state. This Court appointed a special master to conduct a hearing on the petition. The record of that hearing supports the special master's findings that Ms. Marcantonio simultaneously practiced as a member of the Dunn firm, under a contract with attorney Bob Dunn, as a partner in the firm of Gavel and Marcantonio, and as a sole practitioner; that she filed petitions in bankruptcy for clients under the firm name of Gavel and Marcantonio, although the clients had retained the services of the firm of Bob Dunn; that in connection with funds held on behalf of her clients, Marcantonio initially failed to maintain a trust account and that when she did, she failed to keep records indicating the exact balance held for each client and commingled trust account funds with other funds. The record further supports the special master's finding that Marcantonio did not pay over to the appropriate governmental entities monies she had with-

---

[1] On July 15, 1996, this Court accepted Gavel's petition for voluntary suspension of his license to practice law pending final disposition of any disciplinary proceedings predicated on the conduct causing his petition.

held from employees for tax purposes.

We agree with the special master's conclusion that the State Bar presented sufficient evidence that Marcantonio's conduct poses a substantial threat to clients and to the public. Accordingly, Marcantonio is suspended from the practice of law pending the resolution of any disciplinary proceedings predicated upon the conduct underlying the State Bar's petition. Marcantonio is directed to comply with the provisions of Bar Rule 4-219 (c) (1) and (2). Because it is the policy of this Court that disciplinary proceedings should be expedited in all instances when a petition for emergency suspension is granted, the State Bar is hereby ordered to expedite its disciplinary proceedings against Marcantonio.[2]

*Suspended. All the Justices concur.*

DECIDED DECEMBER 2, 1996.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Laura A. Marcantonio,* for Marcantonio.

---

[2] Although Marcantonio has filed a petition for voluntary suspension of her license for two years, to which the State Bar has filed an objection, that petition is not properly before this Court at this time. See Bar Rules 4-210 (d) and 4-218 (a).