## S97Y1150. IN THE MATTER OF JEAN CARLEEN MARCANTONIO.
(491 SE2d 49)

PER CURIAM.

Jean Carleen Marcantonio requests that this Court accept her petition for voluntary discipline, in which she seeks a 30-month suspension from the practice of law in this state, with certain conditions upon reinstatement. The State Bar has expressed no objection to the petition, and the review panel unanimously recommends that this Court accept it. We adopt the recommendation and accept Marcantonio's petition.

On motion by the State Bar, and after a hearing before a special master, this Court on December 2, 1996, ordered an emergency suspension of Marcantonio. *In the Matter of Jean Carleen Marcantonio,* 267 Ga. 353 (478 SE2d 130) (1996). In granting the State Bar's motion, we noted that the record of the hearing supported the special master's findings that Marcantonio simultaneously practiced law as a member of the Dunn firm, under a contract with attorney Bob Dunn, as a partner in the firm of Gavel[1] & Marcantonio, and as a sole practitioner; that she filed petitions in bankruptcy for clients under the firm name of Gavel and Marcantonio, although the clients had retained the services of the firm of Bob Dunn; that in connection with funds held on behalf of her clients, Marcantonio initially failed to maintain a trust account and that when she did, she failed to keep records indicating the exact balance held for each client and commingled trust account funds with other funds. In addition, Marcantonio

---

[1] We accepted Gavel's petition for voluntary emergency suspension pending the final disposition of related disciplinary proceedings. *In the Matter of Alan Austin Gavel,* 267 Ga. 55 (475 SE2d 913) (1996).

failed to pay to the appropriate governmental entities monies she had withheld from employees for tax purposes.

Before the filing of a formal complaint, Marcantonio filed the petition under consideration here, in which she admits that her conduct violated Standard 65 (D) of Bar Rule 4-102 (d), regarding the proper maintenance of an escrow account for client funds. The State Bar, in supporting Marcantonio's petition, cites the ABA Standards for Imposing Lawyer Sanctions (1991), Standards 9.32 (a), (c) and (f), and lists the following as mitigating factors, which the review panel also points to in support of its recommendation. First, Marcantonio was admitted in 1990, and was inexperienced in the practice of law when her improper conduct began. Next, Marcantonio has no prior history of disciplinary infractions. Third, during the relevant period, Marcantonio was under the professional and personal influence of Gavel and acted at his direction. Finally, Gavel was the driving force behind the partnership's financial operations and Marcantonio merely acted to implement his instructions. In considering these factors, the review panel agrees with the State Bar that a 30-month suspension is an appropriate sanction, along with the following conditions on reinstatement: that Marcantonio take the Georgia Multi-State Professional Responsibility Examination (MPRE) no earlier than two years following this Court's order in this case, that she receive a passing grade on the MPRE, and that she present certification of her compliance with these conditions to the review panel.

We have reviewed the record and agree with the review panel's recommendation. Accordingly, we accept Marcantonio's petition for voluntary discipline. Marcantonio is suspended from the practice of law in this state for a period of 30 months from the date of this order. At the end of that period she may seek reinstatement upon presenting the certifications described above to the review panel, which will forward its recommendation to this Court.[2]

*Petition for voluntary discipline accepted. All the Justices concur.*

DECIDED OCTOBER 6, 1997.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of

---

[2] This Court also observes that Marcantonio can benefit from counseling in the area of law practice management. Accordingly, it is recommended that upon readmission, she complete an evaluation and assessment of her practice management procedures, to be conducted by an independent consultant approved by the State Bar's Law Practice Management Program.

Georgia.
*Laura A. Marcantonio,* for Marcantonio.