S98Y1734. IN THE MATTER OF ALAN AUSTIN GAVEL.
(507 SE2d 423)

PER CURIAM.

This disciplinary matter is before the Court on Respondent Alan Austin Gavel's Petition for Voluntary Discipline, filed after the State

Bar's filing of a Formal Complaint against him, in which Gavel admits violating Standard 65 (D) of Bar Rule 4-102 (d) (failure to properly keep and maintain records of a trust account for client funds; depositing personal funds into the trust account; withdrawing funds from the account for personal use). On July 15, 1996, this Court accepted Gavel's voluntary suspension of his license under the emergency suspension provisions of Bar Rule 4-108. See *In the Matter of Gavel*, 267 Ga. 55 (475 SE2d 913) (1996). In his voluntary petition Gavel waives any credit for time previously served under the order of suspension and seeks the imposition of a 36-month suspension from the practice of law, with reinstatement conditioned as set forth below, as appropriate discipline. The State Bar has no objection to Gavel's request and the special master recommends acceptance of the petition. We adopt the special master's recommendation and accept Gavel's petition.

Gavel and Jean Carleen Marcantonio worked for the Bob Dunn law firm, but simultaneously practiced law as partners in the firm Gavel & Marcantonio ("G&M"), without disclosing that firm's existence to Dunn, and siphoned cases from the Dunn firm.[1] They delayed opening a trust account for a year, then opened the account in 1994 but kept no records until 1995, after which time the records were inadequate. Their practice included bankruptcy matters and Gavel failed to report advance compensation and filed incorrect fee reports that did not list client deposits to the Dunn firm nor offset G&M's fee claims by those deposits. After an investigation by the Chapter 13 Trustee, Gavel was ordered to refund $8,800 and the excess fees. Gavel deposited $5,000 into G&M's trust account to pay the second refund and issued a check on the firm's trust account, which the Trustee refused to accept. Gavel then transferred the funds to G&M's business account and issued a check to the Trustee. The special master found that Gavel's conduct constitutes a violation of Standard 65 (D) by failing to keep and maintain records of a trust account reflecting the exact balance for each client; by putting personal funds into G&M's trust account; and by withdrawing funds from the trust account for his personal use.

In mitigation, Gavel offers that he made restitution prior to the commencement of this proceeding; voluntarily requested the suspension of his license pending disposition of the matter; and has had no prior discipline imposed on him. He agrees to the following conditions before he may be re-admitted to practice:

(1) No sooner than the end of the 30th month after the filing of

---

[1] This Court recently accepted Marcantonio's voluntary petition for suspension, ordering her suspended from the practice of law in Georgia for a period of 30 months. See *In the Matter of Jean Carleen Marcantonio*, 268 Ga. 457 (491 SE2d 49) (1997).

his petition for voluntary discipline he may take the Georgia Multi-State Professional Responsibility Examination ("MPRE"), which he must pass before readmission, and serve copies of any certification concerning his passage of the MPRE on the Office of the General Counsel ("OGC"); (2) no sooner than the end of the 36th month after the filing of his petition, but subsequent to obtaining certification of his passage of the MPRE, Gavel may request that the OGC review its records concerning him and he must obtain certification from the OGC that, based on the review, he has engaged in no conduct subsequent to this Court's order accepting his petition that makes him a danger to the public or his clients in the course of his practice of law; (3) Gavel must file any certifications he obtains with the State Disciplinary Board; (4) Gavel shall file any request for reinstatement with the Review Panel showing that he has met all requirements for readmission and the OGC shall file the State Bar's response to his request; (5) the Review Panel shall review the record of this proceeding, including the certifications, Gavel's request and the State Bar's response, and shall file its report and recommendation on Gavel's request for reinstatement with this Court; and (6) subsequent to this Court's order allowing Gavel's reinstatement to practice law in Georgia, Gavel shall submit to audits of his attorney trust accounts by the Law Practice Management Section of the State Bar ("LPMS"), which shall be conducted quarterly for the first 12 months after Gavel returns to active status, and Gavel shall pay all charges and expenses required by the LPMS to conduct such audits and the LPMS shall notify the OGC whether Gavel has submitted to the audits and paid the charges and expenses.

We have reviewed the record and agree with the special master's recommendation that Gavel's petition, along with the conditions for reinstatement, be accepted. Accordingly, we accept Gavel's petition for voluntary discipline. Gavel is suspended from the practice of law in this State for a period of 36 months from the date of this order. At the end of that period he may seek reinstatement upon presenting evidence that he has satisfied each of the conditions set forth above.

*Petition for voluntary discipline accepted. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Warren R. Hinds,* for Gavel.