S02Y1735. IN THE MATTER OF ALAN AUSTIN GAVEL.
(569 SE2d 840)

PER CURIAM.

This disciplinary matter is before the Court on Alan Austin Gavel's Notice of Compliance and Petition for Reinstatement. On September 14, 1998, this Court accepted Gavel's petition for voluntary discipline and imposed a suspension from the practice of law for

a period of 36 months from the date of the order, see *In the Matter of Gavel*, 269 Ga. 758 (507 SE2d 423) (1998). The Court also placed certain conditions on Gavel before it would issue an order reinstating him to practice, including that he take the Georgia Multi-State Professional Responsibility Examination ("MPRE"), and receive a passing grade on the exam no earlier than three years following the date of the Court's order; that after obtaining certification of his passage of the MPRE, he obtain certification from the Office of the General Counsel ("OGC") that based on a review of its records there was no indication that subsequent to the acceptance of his voluntary petition he had engaged in any conduct making him a danger to his clients or the public; that he file a request for reinstatement with the Review Panel showing his compliance with all the requirements for readmission and that the OGC file the State Bar's response to his request; and, after reviewing the record, that the Review Panel file a report and recommendation with this Court on his request for reinstatement. In his petition for readmission, Gavel shows that he has met the conditions for reinstatement set forth in *Gavel*, supra. The State Bar has no objections to his request for readmission, and the Review Panel finds that Gavel has complied with all the conditions precedent to reinstatement and recommends the Court enter an order allowing Gavel's readmission to practice while requiring, as set forth in this Court's previous order in *Gavel*, supra, that Gavel submit to quarterly audits of his attorney trust accounts by the Law Practice Management Section of the State Bar ("LPMS") for the first 12 months after returning to active status, that he pay all charges and expenses required by the LPMS to conduct such audits, and that the LPMS notify the OGC whether he has submitted to the audits and paid the charges and expenses.

It appears that Gavel has met the procedural and legal requirements to be readmitted to the State Bar of Georgia. This Court hereby adopts the recommendation of the Review Panel and approves Gavel's petition for reinstatement. We therefore order that Gavel be reinstated as an attorney licensed to practice law in the State of Georgia.

*Petition for reinstatement accepted. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.